## Case No. 278.

### AMELIA v. CALDWELL.

### [2 Cranch, C. C. 418.][1]

Circuit Court, District of Columbia. October Term, 1823.

SLAVERY—RESIDENCE ABROAD—FREEDOM.

A slave carried from Washington, in the District of Columbia, to Virginia, by her owner, for a temporary residence only, and brought back to Washington, and there sold to a resident of Washington, does not thereby become entitled to freedom under the Maryland act of 1796, c. 67.

[See note at end of case.]

This cause was submitted to the decision of the court by Mr. Key, for the petitioner, and Mr. Jones, for the defendant, upon the following case agreed: "In this case it is admitted that the petitioner was born in the state of Maryland, and became, by marriage, the property of one Henry O. Middleton, who resided in Washington county, in this district, until May, 1820, there keeping the said petitioner in his possession, as his slave. That the said Middleton then removed into the state of Virginia, to reside, and left the said slave in Maryland, with her former master. That on the 7th of December, 1820, the said petitioner was carried by the said Henry O. Middleton, to Fredericksburg, in

Virginia, where he then resided and hath resided ever since, with an agreement and understanding between the said Middleton and the said petitioner, that if she did not like to continue in Fredericksburg, she should return and get a master, either in Maryland or the district, as she might choose. That after staying some time in Fredericksburg, the said petitioner became dissatisfied, and expressed her desire to return; in consequence of which, the said Middleton, on the 7th of December, 1821, gave her a pass authorizing her to proceed from Fredericksburg to Washington. That in some few weeks afterwards, the said Middleton came to Washington, where the petitioner then was, and sold her to the defendant. It is submitted to the court to determine, upon this statement, whether, by the law of Maryland, A. D. 1796, c. 67, the petitioner is or is not entitled to her freedom; with the privilege to either party to except to the judgment of the court.

F. S. Key, for petitioner.
W. Jones, for defendant.

THE COURT were of opinion that, upon the facts, as admitted above, the petitioner is not entitled, by law, to her freedom, and therefore give judgment for the defendant, "from which the petitioner prays an appeal to the supreme court of the United States."

[NOTE. Act Md. 1796, c. 67, (2 Maxcy's Laws, p. 351,) prohibits the importation of slaves for sale or to reside, and provides that it may be lawful for any citizen, "who shall come into this state with a bona fide intention of settling therein, to import or bring into this state, or within one year thereafter, any slave or slaves the property of such citizen at the time of his or her said removal." Further provisions are made in favor of owners of slaves traveling or temporarily sojourning abroad.]

---

AMELIE, The, (FITZ v.)
[See Fitz v. The Amelie, Case No. 4,838.]

---

AMELIA, The, (HILL v.)
[See Hill v. The Amelia, Case No. 6,487.]

---

## Case No. 279.

### The AMERICA.

### [1 Adm. Rec. 449.]

Superior Court, S. D. Florida. Dec. 5, 1836.

SALVAGE—AMOUNT OF AWARD.

[In admiralty. The decree awarded 25 per cent. on the cargo saved uninjured, 50 per cent. on that saved in a damaged condition without diving, and 60 per cent. on the damaged portion recovered by diving. Nowhere reported; opinion not now accessible.]

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[Cited in Baker v. The Slobodna, 35 Fed. 541.]